*148 ORDER GRANTING TRIBAL COUNCIL’S MOTION TO DISMISS FIRST AMENDED COMPLAINT;ORDER DENYING MOTIONS FOR SANCTIONS AND FOR VEXATIOUS LITIGANT ORDER
KATHARINE ENGLISH, Chief Judge.
A. BACKGROUND; INTRODUCTION
As noted in the Court’s earlier Order Denying Petitioner Pearsall’s Motion for Issuance of a Temporary Restraining Order, in this proceeding he has filed a complaint against the Tribal Council, the Tribe, and three individuals, all of whom are members of the Tribal Council, as is Petitioner himself. In his first amended complaint, Petitioner generally alleges that the Tribal Council has acted unlawfully in allowing Motions to Intervene and to Stay to be filed in five on-going ethics matters brought under the Tribal Ethical Standards Ordinance (TESO) and in hiring and paying “ ‘outside counsel’ with Tribal funds to prepare, file and pursue these motions.” (First Amended Complaint at 5).
Petitioner’s first claim for relief in his Amended Complaint seeks the issuance of a Declaratory Judgment stating that the “Tribal Council has not lawfully given any authority or direction to file in its name Motions to Intervene and to Stay any of these ethics investigations, nor to hire outside counsel with Tribal funds[.]” His second claim asks for the issuance of an Injunction Prohibiting Tribal Council members Leno, Reibaeh, and Haller from “participating in deliberation on those matters,” enjoining Tribal Council “from counting any of their votes on these matters,” and ordering Leno, Reibaeh, and Haller “to disclose on the record the nature and extent of his interests in these matters as required under TESO.” (First Amended Complaint at 6). Petitioner’s third claim seeks the issuance of a Writ of Mandamus to the Tribal Council directing “that all action allegedly on behalf of Tribal Council on the Motions by outside counsel be stopped, if and until Tribal Council establishes to the Tribal Court that lawful authorization under a duly adopted written resolution by a disinterested or qualified majority of Tribal Council in a public meeting has occurred in compliance with the Tribal Constitution and Code.” (First Amended Complaint at 6).
Petitioner’s fourth through seventh claims set out in his First Amended Complaint sought damages for breach of contract, wrongful termination, interference with contractual relations, and for an alleged civil rights violation. Petitioner has since voluntarily dismissed those claims.
The Tribal Council has filed a Motion to Dismiss Petitioner’s First Amended Complaint, contending that his first three claims should be dismissed because he lacks standing to bring them and because “the Council acted well within its discretion in deciding to intervene” in the ethics matters. (Motion to Dismiss at 1). The Motion to Dismiss also asserts that Petitioner’s four other claims should be dismissed because they are “barred by sovereign immunity” and by the doctrine of res judicata and because Petitioner “has failed to exhaust his administrative remedies.” (Motion to Dismiss at 1). The Council also has filed a Motion Seeking the Imposition of Sanctions Against Petitioner under Rule 11 of the Federal Rules of Civil Procedure (FRCP) and another Motion for entry of a Vexatious Litigant Order. Those three Motions are now before the Court.
B. ANALYSIS
1. Motion to Dismiss
Because Petitioner has voluntarily dismissed his fourth through seventh claims *149 for relief, the Council’s Motion to Dismiss those claims is effectively moot. The Motion to Dismiss the remaining claims, seeking issuance of a Declaratory Judgment, an Injunction, or a Writ of Mandamus, is still viable, however. As noted above, the Council’s Motion to Dismiss those claims is based on the contentions that Petitioner lacks standing to bring those claims and that, in any event, the Council acts, well within the bounds of its discretion in deciding to intervene in the on-going ethics matters. As explained below, because the court concludes that Petitioner lacks standing the Court need not consider the other basis for the Motion to Dismiss.
Under the United States Constitution, “the federal courts have jurisdiction over [a] dispute * * v only if it is a ‘case’ or ‘controversy.’ This is a ‘bedrock requirement.’ ” Raines v. Byrd, 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997), quoting Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). “One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue.” Raines, 521 U.S. at 818, 117 S.Ct. 2312, citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). To meet the standing requirement, “ ‘[a] Plaintiff must allege personal injury fairly traceable to the Defendant’s allegedly unlawful conduct * * *.’ ” Raines, 521 U.S. at 818-19, 117 S.Ct. 2312, quoting Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) (emphasis added in Raines). The United States Supreme Court has
consistently stressed that a Plaintiffs complaint must establish that he has a “personal stake” in the alleged dispute, and that the alleged injury suffered is particularized as to him. See, e.g., Lujan, supra, at 560-61 and n. 1, 112 S.Ct. 2130 (to have standing, the Plaintiff must have suffered a “particularized” injury, which means that “the injury must affect the Plaintiff in a personal and individual way”); Bender v. Williamsport Area School Dist., 475 U.S. 534, 543-44, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (school board member who “has no personal stake in the outcome of the litigation” has no standing); Simon [v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 39, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976)], (“The necessity that the Plaintiff who seeks to invoke the judicial power stand to profit in some personal interest remains an Art. Ill requirement”).
Raines, at 819, 117 S.Ct. 2312.
Moreover, the Court’s “standing inquiry has been especially rigorous when reaching the merits of the dispute would force [the Court] to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional.” Id., at 819-20, 117 S.Ct. 2312 (citations omitted). In sum, to have standing Plaintiffs must meet “their burden of establishing that their claimed injury is personal, particularized, concrete, and otherwise judicially cognizable.” Id. at 820, 117 S.Ct. 2312.
Here, Petitioner cannot meet that burden. His complaint alleges only that he is an elected member of the Tribal Council and a member of the Tribe. In responding to the Motion to Dismiss, Petitioner appears to rely solely on his status as a Council member. That status alone is not sufficient to give him standing. See Raines, 521 U.S. at 829, 117 S.Ct. 2312 (members of Congress lacked standing to bring constitutional challenge against law they opposed to Congress). Nor is his status as a Tribal member enough. Schlesin *150 ger v. Reservists to Stop the War, 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 700 (1974) (citizen taxpayers lack standing to challenge reserve membership of some congressmen).
Petitioner faults the Council for relying on federal case law in its Motion to Dismiss, but this Court routinely looks to federal law when it is instructive and helpful, as the Court concludes it is here. Moreover, and especially when the challenge is to an action taken by another branch of Tribal government—here the Council—the reasons given by the federal courts for requiring standing apply with at least equal force. Unless standing is required, any Tribal or Council member will be able to challenge the legitimacy of any Tribal Council action in this Court and the Court could find itself in the uncomfortable and ill-advised business of being asked routinely to second-guess the Council. Such a result could hamper the functioning of the elected Tribal Council, and threaten to substitute the Court’s views for those of the elected Tribal representatives. “Our system of government leaves many crucial decisions to the political process.” Schlesinger, 418 U.S. at 227, 94 S.Ct. 2925. Not every such decision should or must be reviewed by a Court, particularly when the party bringing the challenge cannot establish his standing.
In sum, because Petitioner has not established that he has standing, the Court grants the Council’s Motion to Dismiss. Petitioner has failed to show that he has any particularized interest sufficient to give him standing and, if he has standing here, any Tribal or Council member would appear to be able to challenge virtually any Council action in this Court. Such a result -would be profoundly undemocratic and would threaten to substitute judicial rule for representative government.
2. Motions for the Imposition of Sanctions and for Entry of a Vexatious Litigant Order
In addition to its Motion to Dismiss, the Council also moves for the imposition of sanctions against Petitioner, relying on FRCP 11, and for the entry of a Vexatious Litigant Order. In the Motion Seeking Sanctions, the Council contends that Petitioner’s fourth through seventh claims for relief—the claims he has now voluntarily dismissed—“have no basis in existing law” and “are being presented for an improper purpose.” (Council Memorandum at 1). “Specifically, four of the complaint’s seven claims for relief are identical to the type of collateral attack that this Court has previously dismissed with prejudice.” And, the Council asserts, until relatively recently Petitioner “refused to dismiss such claims despite repeated requests by the Council that he do so.” (Memo at 1). The Council asks for an Order (1) awarding it its attorney fees and costs in defending against Petitioner’s complaint, (2) prohibiting Petitioner “from filing any additional related claims without leave of this Court, and (3) awarding any other relief that the Court deems necessary”.
The Motion seeking entry of a Vexatious Litigant Order is similar and alleges that, “[d]espite this Court’s earlier rulings dismissing claims that amounted to collateral attacks on the Council’s decision to suspend [Petitioner] from the Council, [he] has continued to assert frivolous claims relating to a subject matter that has already been adjudicated, and to instigate litigation for the purpose of harassing the Council and its Members.” (Vexatious Litigant Motion at 1). The Council asks the Court to grant its Motion and “to enter an Order barring [Petitioner] from filing any further actions in this Court that seek to obtain relief that is properly available only through [Petitioner’s] direct appeal of *151 the Council's sanction resolution.” (Memorandum in Support of Motion at 6).
In its Motion seeking the imposition of sanctions, the Council acknowledges that, even if Rule 11 otherwise would allow sanctions to be imposed, the Court has discretion over whether or not to impose them. The Council does not suggest that the Court must issue a Vexatious Litigant Order or that the Court lacks discretion over that decision as well. In this situation, assuming that the Court has the authority to impose sanctions or to enter a Vexatious Litigant Order, the Court declines to exercise its discretion to do so. Petitioner’s repeated lawsuits, brought in the face of prior dismissals, have tried the patience of the Court in addition to that of the Council. At some point, Petitioner must accept that a repeated scattei'-shot approach is neither appropriate nor apt to be successful. But, although the Court’s patience is wearing thin, it is not quite at an end. For now, the Court will not impose sanctions or enter a Vexatious Litigant Order. That result may change, however, if Petitioner continues to refuse to take “no” (or the dismissal of his claims by this Court) for an answer.
C. CONCLUSION
For the reasons given above, the Court grants the Council’s Motion to Dismiss Petitioner’s First Amended Complaint, but denied the Motions for Sanctions and for entry of a Vexatious Litigant Order.