OPINION AND ORDER
DON OWEN COSTELLO, Pro Tem Judge.
These are the court’s rulings on (1) defendants’ motions to dismiss, (2) defendant Jan D. Reibach’s motion to strike, (2) defendant Tribal Council’s motion for injunction prohibiting plaintiff from filing additional related claims without leave of the court, (3) defendants’ motions for sanctions against plaintiff and his attorney, (4) defendants’ motions for attorneys’- fees and costs, and (5) plaintiffs request for attorney’s fees.

Relevant Procedural History

Defendant Tribal Council filed its motions on September 17, 2003. Other defense motions were filed shortly thereafter. Plaintiff opposed the motions and defendants replied. Oral argument on the motions was heard December 1, 2003 and the court took matters under advisement. By letter dated December 12, 2003, plain *107 tiff asked the court to delay ruling until after issuance of opinion by the Grand Ronde Court of Appeals in Pearsall v. Tribal Council, A-03-02-001, 2004 WL 5599260, 5 Am. Tribal Law 66. After considering defendants’ responses to the request, the court granted it on January 16, 2004. The Grand Ronde Court of Appeals filed its opinion in Case A-03-02-001 on March 9, 2004. Pursuant to requests from plaintiff and defendant Tribal Council, the court on March 23, 2004 entered an order setting additional briefing schedule. Thereafter, defendants filed supplemental memoranda. The court heard additional oral arguments on May 14, 2004. After considering the entire file, the authorities cited in the submissions, the oral arguments, related case files, and being fully advised in the premises, the court enters this opinion and order.

Motions to Dismiss

Defendants move to dismiss on grounds that plaintiff lacks standing to bring the four claims set forth in the complaint and, even if he has standing, none of the claims alleges facts sufficient to state a claim. The court finds that plaintiff lacks standing on all claims and orders that the complaint be dismissed with prejudice.
The complaint was filed on April 18, 2003. On February 21, 2003, plaintiff had filed an appeal from the trial court’s order dismissing the plaintiffs first amended complaint in Pearsall v. Tribal Council, C-02-10-007, 2003 WL 25758570, 4 Am. Tribal Law 147 (January 27, 2003)(0rder Granting Tribal Council’s Motion to Dismiss First Amended Complaint; Order Denying Motions for Sanctions and for Vexatious Litigant Order).[1] In that case, plaintiff brought claims against the named defendants herein and the Confederated Tribes of the Grand Ronde Community of Oregon arising from a decision to intervene and seek stays in several TESO[2] ethics proceedings plaintiff had initiated. Chief Judge English allowed the motion to dismiss, finding that plaintiff “has not established that he has standing”. Id. at 5, 4 Am. Tribal Law at 150-51.
The Court of Appeals reversed the decision.[3] The Court of Appeals ruled that “[t]he policy considerations, under our law, reduce to a statutory question of whether we should ‘abstain or stay the exercise of [our] jurisdiction or dismiss an action within. [our] jurisdiction [because] the case is of such a nature that the court should not hear it’ ” (quoting Tribal Code Sec. 310(d)(l)(A)(3)); placed “the burden on the party asking the court to abstain or stay the exercise of jurisdiction to show that the case is of such a nature that it should not be heard”; and restated the question of standing as being “whether the Council has demonstrated that petitioner is an inappropriate person under our law to litigate the underlying dispute about the Council’s executive decision-making process.” The Court of Appeals concluded that “[o]n this record* * *the Council has not made the required showing” and held that the petitioner had standing. Id. at 5, 4 Am. Tribal Law at 150-51.
“Significantly” id. at 2, 4 Am. Tribal Law at 148-49, TESO provided that Mr. Pearsall “was personally subject to sanctions” if found to have initiated the ethics *108 proceedings “for purposes of harassment or for other improper purposes” [4] Id. at 2, 4 Am. Tribal Law at 148-49. Accordingly, petitioner had a “personal stake” in those cases and standing to bring them. Id. at 5.
Mr. Pearsall has no personal stake in the first, third and fourth claims of the case now under consideration. These claims do not arise in the context of ongoing litigation. They seek to challenge routine Tribal Council legislative action unrelated to any litigation. In challenging the Tribal Council’s legislative authority to repeal TESO, plaintiffs first, third and fourth claims seek abstract, generalized relief beyond any specific matter in which plaintiff could reasonably claim a personal stake.
“[t]o permit a complainant who has no concrete injury to require a court to rule on important constitutional issues in the abstract would create the potential for abuse of the judicial process, distort the role of the Judiciary in its relationship to the Executive and the Legislature and open the Judiciary to an arguable charge of providing ‘government by injunction [,]’ ”
Schlesinger v. Reservists Committee to Stop the War, 418 U.S., 208, 222, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974). Although this court has “the power to review and overturn tribal legislative actions for violations of [the] Constitution* * * ”, G.R. Const, art. IV, sec. 3, to hear plaintiffs first, third and fourth claims would be to “distort the role of the Judiciary in its relationship to the Executive and the Legislature and open the Judiciary to an arguable charge of providing ‘government by injunction’ ”, The court declines to do so.
Plaintiffs second claim asks the court to overturn the Hearings Officer’s findings in an ethics claim plaintiff filed against Jan D. Reibach.[5] The former TESO ordinance at issue afforded appellate rights to those “found to have violated [TESO] and against whom sanctions have been imposed by the Tribal Council.” Tribal Code sec. 275(f)(l)(L). The appeal is exclusive to officials responding to a TESO petition. Mr. Pearsall was not such a person. This court lacks jurisdiction to hear his second claim. Id,
Defendants have demonstrated that “[plaintiff] is an inappropriate person under our law to litigate the [claims].” Pearsall v. Tribal Council for the Confederated Tribes of the Grand Ronde Community of Oregon, et al at 5, 4 Am. Tribal Law at 150-51. The complaint will be dismissed with prejudice.
Defendant, Jan D. Reibach'⅛ Motion to Strike
The above ruling moots this motion.

Motions for injunction prohibiting plaintiff from filing additional related claims without leave of the court, for sanctions against plaintiff and his attorney, and for attorney fees and costs

The court has taken judicial notice of and reviewed the files in the ten other cases initiated by Mr. Pearsall[6]. The court is disheartened over the degree of bitterness that has arisen and hopes that someday it will heal. The court sees no need to enjoin plaintiffs access to the court.[7] Sanctions are punitive and, as *109 such, in this case can only add to the acrimony. “There is [already] plenty of shared fault and misunderstanding.”[8] The court declines to secure a share of its own.
The motions for injunction prohibiting plaintiff from filing additional related claims without leave of the court, for sanctions against plaintiff and his attorney, and for attorney fees and costs will be denied.
IT IS ORDERED:
1. Defendants’ motions to dismiss the petition are granted, with prejudice.
2. Defendant Tribal Council’s motion for injunction prohibiting petitioner from filing additional related claims without leave of the court is denied.
3. Defendants’ motions for sanctions against petitioner and his attorney, Terrence Kay, are denied.
4. Defendants’ motions for attorneys’ fees and costs are denied.
5. Plaintiffs request for attorney’s fees is denied.

. http://www.grandronde.org/court/Published Opinions/pearsalll final for distribution_03-09-04.pdf

. Tribal Ethical Standards Ordinance. Former Tribal Code Sec. 275(f)(l)(K).

.Pearsall v. Tribal Council for the Confederated Tribes of the Grand Ronde Community of Oregon, et al., Case No. A-03-04-001, 5 Am. Tribal Law 66 (Grand Ronde C.A., Mar 9, 2004) http://www.grandronde.org/court/ PublishedOpinions/PearsallE-20030127 .pdf

. Former Tribal Code Sec. 275(f)( 1 )(K),

. Pearsall v. Reibach, Sr. TESO No. 02-101.

. These cases are identified in footnote 2 of page 2 of the Memorandum in Support of Tribal Council's Motion to Dismiss and for Sanctions.

.The court notices that Mr. Pearsall has filed in this court no new cases against the Tribe, the Council or other Tribal officials since the *109 filing of this case 15 months ago. The litigation was prolonged in part by Mr. Pearsall's appeal that resulted in reversal and new law on standing.

. Comments of Pro Tem Tribal Court Judge Sidney Lezak in Pearsall v. Tribal Council for the Confederated Tribes of the Grand Ronde Community of Oregon (February 19, 2003)(0r-der Affirming Tribal Council's Findings and Opinion)